WILLIAM WERNER AND J. GORDON HOOPES, INDI-
VIDUALLY AND DBA WERNER & HOOPES, A PART-
NERSHIP, APPELLANTS, *v.* UTAH COOPERATIVE
ASSOCIATION, A UTAH CORPORATION; AND GOULD-
NATIONAL BATTERIES, INC., A DELAWARE CORPO-
RATION; AND UNITED STATES RUBBER COMPANY,
A CORPORATION, RESPONDENTS.

No. 5956

March 16, 1970 466 P.2d 671

*Magleby and Cahlan,* of Las Vegas, for Appellants.

*Keith C. Hayes,* of Las Vegas, for Respondents Utah Coop-
erative Association and Gould-National Batteries, Inc.

*V. Gray Gubler,* of Las Vegas, for Respondent United States
Rubber Company.

**OPINION**

By the Court, THOMPSON, J.:

This appeal proposes to nullify a judgment for money in
favor of certain creditors [Utah Cooperative Association,

Gould-National Batteries and United States Rubber] of a bulk sales vendor [Valley View Distributors of Nevada] against the bulk sales vendee [Werner & Hoopes], for the latter's failure to comply with the Bulk Sales Law. The amount of the judgment is not in dispute nor its apportionment between the named creditors. The sole appellate contention of the vendee, Werner & Hoopes, is that the sale was not within the Bulk Sales Law and the vendor's creditors were not, therefore, entitled to the protection of that act. It is our opinion that the district court properly decided this dispute and we affirm the judgment.

In 1962 Valley View sold to Werner & Hoopes a service station in Las Vegas together with equipment, goods, wares, fixtures and an assignment of all leases, subleases and produce purchase agreements. The purchase price was $76,000 less any indebtedness required to be paid at the time of sale. Werner & Hoopes failed to demand and receive from Valley View a verified written statement listing the names and addresses of all creditors of Valley View (NRS 98.020), failed to give notice of the proposed sale (NRS 98.030), and failed to see that the purchase money was applied to the payment of bona fide claims (NRS 98.030). In these circumstances the act provides that the vendee "shall be deemed to assume the liability of the vendor in an amount equal to the market value of the goods and property purchased."

The broad language of NRS 98.010(2): "whenever an interest in or to the business or trade of the vendor is sold or conveyed. . . ." embraces the instant sale. Since the main purpose of the Bulk Sales Law is to protect creditors of bulk sales vendors and to prevent transfers which are fraudulent as to them [Escalle v. Mark, 43 Nev. 172, 183 P. 387 (1919)] we do not hesitate to affirm the district court judgment.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.